# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
_____

GIRL SCOUTS OF MANITOU COUNCIL, INC.,

                    Plaintiff,

     v.                                     Case No. 08-CV-184

GIRL SCOUTS OF THE UNITED STATES
OF AMERICA, INC.,

                    Defendant.


_____

# ORDER

On February 29, 2008, the plaintiff, Girl Scouts of Manitou Council, Inc., filed its complaint in this action, alleging that shortly after March 31, 2008, the defendant, Girl Scouts of the United States of America, Inc., intends to redistribute the plaintiff's territory in a national realignment plan designed to reduce the number of councils which are used to distribute the Girl Scout program. The plaintiff's complaint raises ten causes of action including breach of contract, tortious interference, economic coercion, and violations of the Wisconsin Fair Dealership Law. The plaintiff has also moved for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65. The plaintiff seeks an order enjoining the defendant from going forward with the realignment plan. The defendant was formally served with a summons, complaint, and the motion for a preliminary injunction on March 3, 2008. On March 5, 2008, the plaintiff filed an expedited motion to establish an expedited schedule that would allow for the presentation of all disputed factual and legal issues pertaining to the preliminary injunction motion to the court in advance of March 31, 2008.

The defendant opposes the motion to establish an expedited schedule. The defendant contends that the expedited schedule is unwarranted because the plaintiff was aware of the proposed realignment since 2005, and no potential action to redistribute the plaintiff's territory will be taken on April 12, 2008, or even shortly thereafter. (Wright Decl. ¶¶ 2 and 5.)

Federal Rule of Civil Procedure 16(b)(4) provides that a "schedule may be modified only for good cause and with the judge's consent." Although no scheduling order has been entered in this case, Rule 16 is instructive; good cause is required to justify amending or expediting the scheduling of the plaintiff's motion for a preliminary injunction. Here, the plaintiff provides no reason why it did not file its complaint and motion for a preliminary injunction at a earlier date so that the defendant would have the full amount of time provided by the Federal Rules of Civil Procedure and Civil Local Rules to respond to the plaintiff's motion and 54-page complaint. Indeed, the plaintiff acknowledges in its complaint that it was informed of the defendant's realignment plans for the plaintiff's territory in as early as 2006. (Compl. ¶¶ 29-30.) In addition, it appears the plaintiff will not be unduly prejudiced if the court denies its motion to expedite because no potential action to redistribute the plaintiff's territory will be taken on April 12, 2008, or even shortly thereafter. (Wright Decl. ¶ 5.) In light of the foregoing, the court will deny the plaintiff's motion to establish an expedited schedule.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to establish an expedited schedule

(Docket #8) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 20th day of March, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge