# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

GIRL SCOUTS OF MANITOU COUNCIL, INC.,

      Plaintiff,

v.                                   Case No. 08-CV-184

GIRL SCOUTS OF THE UNITED STATES
OF AMERICA, INC.,

      Defendant.

_____

## ORDER

On April 14, 2008, plaintiff Girl Scouts of Manitou Council, Inc. ("Manitou") filed a motion to strike multiple paragraphs of defendant Girl Scouts of the United States of America, Inc.'s ("GSUSA") answer. Manitou claims that many of GSUSA's answers and all of its affirmative defenses are defect and insufficient as a matter of law. The court delayed its consideration of this motion during the pendency of Manitou's appeals to the Seventh Circuit and, in light of the court's February 3, 2009, scheduling order, allowing the parties until March 10, 2009, to amend their pleadings without leave of the court.[1] Manitou has filed an amendment to its original complaint, adding three additional counts. (Docket #112). GSUSA has asked that the court refrain from ruling on Manitou's motion until GSUSA has an opportunity to respond to Manitou's amendment. (Docket #114). However, Manitou's amendment does not

---

[1] The court notes that Manitou had also filed an Amended Complaint, which it later withdrew. (Order, December 18, 2008, Docket #106).

appear to affect its motion to strike. Therefore, the court finds no reason to further delay the resolution of Manitou's motion to strike.

On February 29, 2008, Manitou filed a complaint against GSUSA, which includes ten separate counts under Wisconsin's Fair Dealership Law, breach of contract, tortious interference with business relationships, economic coercion and injury to business and restraint of will.[2] (Docket #1). On March 24, 2008, GSUSA answered Manitou's complaint and asserted twenty-two affirmative defenses. (Docket #17).

Manitou moves to strike portions of GSUSA's answer pursuant to Rules 12(f) of the Federal Rules of Civil Procedure. Rule 12(f) allows the court to strike insufficient defenses, or any immaterial, impertinent or scandalous matters contained in a pleading. *See* Fed.R.Civ.P. 12(f). Striking portions of a party's pleading is a relatively drastic remedy. *See Love v. Gardison*, No. 07-C-816, 2008 WL 1968732, at *1 (E.D. Wis. 2008). As a result, to prevail on a motion to strike, the moving party must demonstrate that the portions of the pleading it challenges are clearly unrelated to the subject matter of the litigation, and that the moving party will suffer prejudice if those portions remain. *See Black v. Long Term Disability Ins.*, 373 F.Supp.2d 897, 904 (E.D. Wis. 2005) (citation omitted). When seeking to strike an affirmative defense, the moving party must show that the challenged defense is legally insufficient. *See Seabolt v. Champagne*, No. 05-C-1240, 2006 WL 3192511, at *1

---

[2]Manitou's complaint asserts the court's diversity jurisdiction under 28 U.S.C. § 1332.

(E.D. Wis. 2006) (citation omitted). In considering a motion to strike, the court views the challenged pleadings in the light most favorable to the non-moving party. *See Krippelz v. Ford Motor Co.*, No. 98-C-2361, 2003 WL 21087109, at *3 (N.D. Ill. 2003).

Under Rule 8(b) of the Federal Rules of Civil Procedure, a party responding to a pleading must state defenses to each claim asserted in short and plain terms. *See* Fed.R.Civ.P. 8(b)(1)(A). In doing so, the responding party must either admit or deny the allegations asserted in the pleading. *See* Fed.R.Civ.P. 8(b)(1)(B). The responding party may deny an allegation by stating that the responding party lacks knowledge or information sufficient to form a belief about the truth of an allegation, or the responding party may, in good faith, deny only part of an allegation and admit the rest. *See* Fed.R.Civ.P. 8(b)(4-5). A responsive pleading must also include any avoidance or affirmative defense. *See* Fed.R.Civ.P. 8(c)(1). In federal court, the primary role of the pleadings is to provide notice of the parties' claims and defenses, and to thereby facilitate a proper resolution on the merits. *See Pepper v. Village of Oak Park*, 430 F.3d 805, 812 (7th Cir. 2005) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).

**1.    GSUSA's Responses to Manitou's allegations**

In support of its motion, Manitou claims that many of GSUSA's answers are nonresponsive or evasive because they either attempt to admit to contrived factual allegations not contained in the complaint, they add averments that certain of

Manitou's allegations are legal conclusions, or because they essentially ignore the allegations to which they purport to respond. Manitou argues that these deficiencies have made it difficult for it to assess which allegations have been denied. GSUSA responds by arguing that it made a good faith effort to respond to all of the allegations in Manitou's complaint, and asserts that many of Manitou's allegations were inflammatory and included mischaracterizations of the facts.

From the court's review of Manitou's complaint, and GSUSA's answer, it appears that both parties have not limited themselves to the short, plain and concise statement requirements of Rule 8. However, with the exception of two responses, GSUSA has either denied or admitted all of Manitou's extensive allegations. The two responses in which GSUSA never admits or denies the corresponding allegations are found in paragraphs 58 and 197. In responding to paragraph 58 of the complaint, which references a letter between the parties, GSUSA merely refers the court to the letter from which the allegation was taken. In response to paragraph 197, which alleges a Wisconsin statute was in effect at the time of the parties' dispute, GSUSA claims that a response is not required because the allegation is a legal conclusion. Because these two responses are not proper denials under Rule 8(b), the allegations to which they respond are deemed admitted. *See* Fed.R.Civ.P. 8(b)(6). With respect to the rest of the GSUSA's responses that Manitou challenges, while they may include information beyond that which is strictly required by Rule 8(b), the court is not convinced that striking portions of GSUSA's responses is

-4-

appropriate in this case. The court finds no prejudicial effect from GSUSA's attempts to deny parts of allegations and admit other portions. To the extent that GSUSA does not deny allegations in its answer, those portions of Manitou's allegations should be deemed admitted under the Federal Rules of Civil Procedure. Therefore, the court denies Manitou's motion to strike GSUSA's responses.

**2.    GSUSA's Affirmative Defenses**

Next, Manitou asserts that the affirmative defenses GSUSA includes in its answer are insufficient because they do not set forth the necessary elements of the defenses they purport to allege, or because they set forth factual denials rather than true affirmative defenses. GSUSA responds by arguing that its affirmative defenses reflect a "cautious pleader" approach, and that all of its defenses are adequate under the plain notice doctrine of pleadings.

In general, the court will refrain from striking affirmative defenses "if they are sufficient as a matter of law or if they present questions of law or fact." *Heller Financial v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). In diversity cases, the legal sufficiency of an affirmative defense is often governed by the state law applicable to the case. *See Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991).

After reviewing the twenty-two affirmative defenses in GSUSA's answer, the court finds that Manitou has not met its burden of showing any of GSUSA's affirmative defenses are insufficient as a matter of law. Specifically, Manitou has not

-5-

explained to the court exactly how each affirmative defense is so lacking under the controlling substantive law as to be considered mere clutter. Although GSUSA's alleged affirmative defenses may not ultimately carry the day in this case, they appear sufficient to raise questions of fact and law and provide Manitou adequate notice. As a result, the court is obliged to deny Manitou's motion to strike in its entirety.

Accordingly,

**IT IS ORDERED** that plaintiff's motion to strike (Docket #26), be and the same is hereby **DENIED**;

Dated at Milwaukee, Wisconsin, this 16th day of March, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge