# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

GIRL SCOUTS OF MANITOU COUNCIL, INC.,

       Plaintiff,

       v.                                  Case No. 08-CV-184

GIRL SCOUTS OF THE UNITED STATES
OF AMERICA, INC.,

       Defendant.

_____

# ORDER

On March 25, 2009, defendant Girls Scouts of the United States of America, Inc. ("GUSA") filed a motion to strike an amendment to the complaint filed by plaintiff Girl Scouts of Manitou Council, Inc. ("Manitou") on March 10, 2009. (Docket #116). GUSA argues that Manitou's amendment does not comply with this district's Civil Local Rule 15.1 ("Rule 15.1"), and should, therefore, be stricken with prejudice. As part of its response, Manitou moves for leave to file a second amended complaint. (Docket #120).

On February 29, 2008, Manitou filed a complaint against GUSA, which included ten separate counts under Wisconsin's Fair Dealership Law, breach of contract, tortious interference with business relationships, economic coercion, and injury to business and restraint of will. (Docket #1). On May 12, 2008, Manitou filed its first amended complaint adding an additional count and two additional party-defendants. (Docket #42). However, Manitou later withdrew its first amended

complaint. (Docket #106). On February 3, 2009, the court issued a scheduling order setting a March 10, 2009, deadline for the parties to amend their pleadings without seeking formal leave of the court. (Docket #111).

Rule 15.1 provides, in part, that "[a]ny amendment to a pleading, whether filed as a matter of course or upon motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." On March 10, 2009, Manitou filed an amendment to its complaint. (Docket #112). In that amendment, Manitou added two counts alleging breaches of contract and one count alleging a breach of fiduciary duty. However, rather than filing the entire amended complaint, Manitou incorporated by reference many of the allegations set forth in the original complaint. Therefore, it appears that Manitou's amendment to its complaint does not comply with the local rules. While Manitou asserts that its amendment was filed for the convenience of the court and GUSA, it does not deny that the amendment is, in fact, noncompliant. The only question remaining for the court is what the proper remedy shall be for Manitou's noncompliance.

GUSA argues that the remedy should be to strike Manitou's amendment from the record with prejudice. This, in effect, would bar Manitou from seeking leave to file an amended complaint that includes the three additional counts from Manitou's improperly filed amendment. GUSA asserts that allowing Manitou to file an amended complaint would unnecessarily delay proceedings and require additional discovery. GUSA further asserts that Manitou waited to file its amendment until the

-2-

last possible day allowed by the scheduling order, and that Manitou has disregarded this district's local rules in the past.

Manitou responds arguing that striking its amendment with prejudice would act against the spirit of Rule 15(a) of the Federal Rules of Civil Procedure ("Rule 15(a)"), which states that leave for a party to amend its pleading should be freely given. Manitou claims GUSA has failed to cite any authority in support of its contention that striking the amendment with prejudice is a proper remedy. Manitou asserts that GUSA would suffer no prejudice if the court were to allow Manitou to properly amend its complaint, because GUSA was fully aware of Manitou's additional allegations by the deadline set in the court's scheduling order. Manitou also asserts that GUSA's counsel was aware that Manitou might pursue the additional claims included in Manitou's amendment as early as January 5, 2009. Finally, Manitou argues that if the court were to grant GUSA's motion to strike its March 10, 2009 amendment, the court should also grant Manitou's motion for leave to file an amended complaint.

Because Manitou's March 10, 2009 amendment to its complaint does not comply with Rule 15.1, the court will order that it be stricken from the record. However, the court declines to do so with prejudice, as GUSA has failed to demonstrate that such a drastic remedy is warranted. The past decisions of this court that GUSA cites in its motion do not support GUSA's position. The court's decision today not to strike Manitou's amendment with prejudice is quite consistent with past practice. *See Lawrence v. Grbich*, No. 08-CV-108, 2008 WL 4603338, at

*1 (E.D. Wis. 2008) (denying *pro se* plaintiff's motion to amend complaint for failing to comply with Civil Local Rule 15.1, but granting leave to file a properly formatted complaint); *Ward v. Kingston*, 2008 WL 525688, at *2-6 (E.D. Wis. 2008) (denying plaintiff's motion to amend complaint *without prejudice* for failing to comply with Civil Local Rule 15.1).

The court now turns to Manitou's motion for leave to file a second amended complaint. Pursuant to Rule 15(a), a party may seek leave to amend its complaint, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Over forty years ago, the Supreme Court expounded upon the meaning of Rule 15(a):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'

*See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, granting Manitou leave to file a second amended complaint will not cause undue delay, since Manitou seeks to file its second amended complaint immediately. Nor does the court have reason to believe Manitou is acting in bad faith or for dilatory purposes. To the contrary, its motion for leave to file an amended complaint was a reasonable response to GUSA's motion to strike Manitou's

-4-

previously filed amendment. Although GUSA points out that Manitou has not always strictly adhered to this district's local rules, the court is unaware of any failure by Manitou to cure deficiencies in past amendments. Despite GUSA's assertions, the court finds that granting Manitou leave will not unduly prejudice GUSA. The second amended complaint Manitou seeks to file includes only those allegations pled in the original complaint and the improperly formatted, but otherwise timely amendment. In other words, Manitou's second amended complaint will alter only the form, not the substance, of Manitou's allegations. Finally, granting leave for Manitou to file a second amended complaint will not be futile. Manitou's proposed second amended complaint alleges three additional claims for relief, and the court knows no reason why Manitou should be foreclosed from prosecuting those claims. Therefore, the court will grant Manitou's motion for leave to file instanter a second amended complaint.

As the filings in this case continue to multiply, the parties are reminded that the court's procedural rules are in place to "secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, and not to provide a convenient trigger for dilatory motions. *See generally* Fed. R. Civ. P. 11(b)(1). Moreover, this district's local rules "are intended to be enforced primarily upon the Court's own initiative, and the filing of motions alleging noncompliance with a rule may be reserved for egregious cases." Gen. L. R. 1.1.

Accordingly,

**IT IS ORDERED** that defendant's motion to strike plaintiff's amendment to the complaint (Docket #116) be and the same is hereby **GRANTED** in part;

**IT IS FURTHER ORDERED** that plaintiff's amendment to the complaint (Docket #112) be and the same is hereby **STRICKEN** from the record without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file instanter a second amended complaint (Docket #120) be and the same is hereby **GRANTED**; pursuant to Civil Local Rule 15.1, the Clerk is directed to detach the amended pleading and file it as the second amended complaint in this action.

Dated at Milwaukee, Wisconsin, this 17th day of April, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge