# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF WISCONSIN, MILWAUKEE DIVISION

| | | |
|---|---|---|
| Girl Scouts of Manitou Council, Inc.<br>a Wisconsin nonprofit corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 08-C-0184 |
| v. | ) ) | |
| Girl Scouts of the United States<br>of America, Inc., a District of Columbia<br>nonprofit corporation, | ) ) ) ) | |
| Defendant. | ) ) | |

## ANSWER TO SECOND AMENDED COMPLAINT

Defendant, Girl Scouts of the United States of America ("GSUSA") (erroneously denominated Girl Scouts of the United States of America, Inc., a District of Columbia nonprofit corporation), by its attorneys, Hogan & Hartson LLP and Perkins Coie, answers the Seconded Amended Complaint of Girl Scouts of Manitou Council, Inc. ("Manitou"), a Wisconsin nonprofit corporation, as follows:

### PARTIES

1.      GSUSA admits the allegations set forth in paragraph 1 of the Second Amended Complaint.

2.      GSUSA denies the allegations set forth in paragraph 2 of the Second Amended Complaint except it admits that it is a nonprofit corporation with its principal place of business in New York, New York.

## JURISDICTION AND VENUE

3.      GSUSA avers that the allegations set forth in paragraph 3 of the Second Amended Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent that paragraph 3 of the Second Amended Complaint contains factual allegations, GSUSA denies the allegations set forth in paragraph 3 of the Second Amended Complaint.

4.      GSUSA avers that the allegations set forth in paragraph 4 of the Second Amended Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, GSUSA admits that venue properly lies in the Eastern District of Wisconsin.

## FACTS APPLICABLE TO ALL COUNTS[*]

**A.      The GSUSA Business Model**

5.      GSUSA denies the allegations set forth in paragraph 5 of the Second Amended Complaint except it admits that the Mission of Girl Scouting is to build girls of courage, confidence and character who make the world a better place.

6.      GSUSA denies the allegations set forth in paragraph 6 of the Second Amended Complaint.

---

[*] To the extent that any headings contain factual allegations, GSUSA denies such allegations.

2

7.     GSUSA denies the allegations set forth in paragraph 7 of the Second Amended Complaint except it admits that in 2005 there were approximately 315 Girl Scout councils which are nonprofit corporations.

8.     GSUSA denies the allegations set forth in paragraph 8 of the Second Amended Complaint and respectfully refers the Court to the charters of the councils for the full text of such document for its complete content, meaning and legal effect.

9.     GSUSA denies the allegations set forth in paragraph 9 of the Second Amended Complaint except it admits that each council is assigned a jurisdiction which is subject to change at the discretion of GSUSA.

10.     GSUSA admits the allegations set forth in paragraph 10 of the Second Amended Complaint.

11.     GSUSA admits the allegations set forth in paragraph 11 of the Second Amended Complaint.

12.     GSUSA admits the allegations set forth in paragraph 12 of the Second Amended Complaint.

13.     GSUSA denies the allegations set forth in paragraph 13 of the Second Amended Complaint except it admits that a council is responsible for its expenses.

14.     GSUSA denies the allegations set forth in paragraph 14 of the Second Amended Complaint.

15.     GSUSA denies the allegations set forth in paragraph 15 of the Second Amended Complaint except it admits that it derives revenue from, _inter alia_, membership fees, sales of merchandise, royalties, and donations.

3

**B.     Manitou Council**

16.     GSUSA denies the allegations of the first sentence set forth in paragraph 16 of the Second Amended Complaint except it admits Manitou has a charter from GSUSA and its jurisdiction is subject to change at the discretion of GSUSA and GSUSA respectfully refers the Court to the Charter for its complete content, meaning and legal effect.  GSUSA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph 16 of the Second Amended Complaint.

17.     GSUSA denies the allegations set forth the first sentence of paragraph 17 of the Second Amended Complaint except it admits that it chartered Manitou in 1950 and GSUSA has allowed in its discretion additional jurisdictional changes and/or mergers.  GSUSA admits the allegations set forth in the second and third sentence of paragraph 17 of the Second Amended Complaint.

18.     GSUSA denies the allegations set forth in paragraph 18 of the Second Amended Complaint.

19.     GSUSA denies the allegations set forth in paragraph 19 of the Second Amended Complaint except it admits that the Blue Book contained Criteria and Standards.

20.     GSUSA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Second Amended Complaint.

21.     GSUSA denies the allegations set forth in paragraph 21 of the Second Amended Complaint except it admits that GSUSA has not notified Manitou to date that Manitou failed to meet its obligations under the charter.

4

22.     GSUSA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Second Amended Complaint except it specifically denies Manitou is in a highly competitive business.

23.     GSUSA denies the allegations set forth in paragraph 23 of the Second Amended Complaint except it admits that Manitou has met certain GSUSA Standards and Criteria.

24.     GSUSA denies the allegations set forth in paragraph 24 of the Second Amended Complaint except it admits that the requirements of a charter are set forth in the *Blue Book of Basic Documents 2006*.

25.     GSUSA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Second Amended Complaint.

26.     GSUSA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Second Amended Complaint except it admits that Manitou participates in the Girl Scout cookie sale.

27.     GSUSA denies knowledge or information sufficient to form a belief as to the truth of  the allegations set forth in paragraph 27 and (a) through (g) inclusive.

28.     GSUSA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Second Amended Complaint.

5

## C.    GSUSA's "Realignment" of Manitou Council

29.    GSUSA denies the allegations set forth in the first sentence of paragraph 29 of the Second Amended Complaint except it admits that GSUSA informed Manitou of the realignment in 2005.  GSUSA admits the allegations set forth in the second sentence of paragraph 29 of the Second Amended Complaint.

30.    GSUSA denies the allegations set forth in paragraph 30 of the Second Amended Complaint except that it admits that in 2006 Manitou voluntarily engaged in a mapping process with other Wisconsin councils as part of realignment.

31.    GSUSA denies the allegations set forth in paragraph 31 of the Second Amended Complaint except it admits that Manitou voluntarily engaged in a mapping process with other Wisconsin councils to develop a map.

32.    GSUSA denies the allegations set forth in paragraph 32 of the Second Amended Complaint except it admits that Manitou voluntarily agreed to the mapping process and realignment along with all other Wisconsin councils.

33.    GSUSA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Second Amended Complaint regarding what Manitou learned and GSUSA specifically admits that it requested all councils to review their jurisdiction for potential realignment.

34.    GSUSA denies the allegations set forth in paragraph 34 of the Second Amended Complaint.

35.    GSUSA denies the allegations set forth in paragraph 35 of the Second Amended Complaint.

6

36.     GSUSA denies the allegations set forth in paragraph 36 of the Second Amended Complaint and (a) through (e) inclusive as hypothetical and speculative.

37.     GSUSA denies knowledge or information sufficient to form a belief as to the truth set forth in paragraph 37 of the Second Amended Complaint.

38.     GSUSA denies knowledge or information sufficient to form a belief as to the truth set forth in paragraph 38 of the Second Amended Complaint and (a) through (s) inclusive but it admits that GSUSA produced many documents to Manitou.

39.     GSUSA denies the allegations set forth in paragraph 39 of the Second Amended Complaint.

40.     GSUSA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Second Amended Complaint and (a) through (m) inclusive.

41.     GSUSA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Second Amended Complaint

42.     GSUSA denies the allegations set forth in paragraph 42 of the Second Amended Complaint except it admits that Manitou appealed three times to the Realignment Task Force and requested to merge with other councils.

43.     GSUSA denies the allegations set forth in Paragraph 43 of the Second Amended Complaint except it admits that GSUSA did not modify the proposed map that Manitou and other Wisconsin councils had developed.

7

44.     GSUSA denies the allegations set forth in paragraph 44 of the Second Amended Complaint and respectfully refers the Court to the October 3, 2007 letter in Exhibit E for its complete content, meaning and legal effect.

45.     GSUSA denies the allegations set forth in paragraph 45 of the Second Amended Complaint and respectfully refers the Court to Exhibit F for its complete content, meaning and legal effect.

46.     GSUSA denies the allegations set forth in paragraph 46 of the Second Amended Complaint except it admits that Manitou was proceeding with the merger.

47.     GSUSA denies the allegations set forth in paragraph 47 of the Second Amended Complaint and respectfully refers the Court to Exhibit G for its complete content, meaning and legal effect.

48.     GSUSA denies the allegations set forth in paragraph 48 of the Second Amended Complaint except it admits that Manitou and its attorney sent GSUSA letters as Exhibits H and I declining to merge and GSUSA respectfully refers the Court to Exhibits H and I for their complete contents, meaning and legal effect.

49.     GSUSA denies the allegations set forth in paragraph 49 of the Second Amended Complaint except it admits that it has certain rights as set forth in the *Blue Book of Basic Documents 2006* and Manitou's charter.

50.     GSUSA denies the allegations set forth in paragraph 50 of the Second Amended Complaint and respectfully refers the Court to Exhibit J for its complete content, meaning and legal effect.

8

51.     GSUSA denies the allegations set forth in paragraph 51 of the Second Amended Complaint and respectfully refers the Court to the exhibits cited therein for their complete content, meaning and legal effect.

52.     GSUSA denies the allegations set forth in paragraph 52 of the Second Amended Complaint.

## D.     Collaborating Councils

53.     GSUSA denies the allegations set forth in paragraph 53 except it admits that Manitou had voluntarily agreed to merge with the enumerated six councils.

54.     GSUSA denies the allegations set forth in paragraph 54 of the Second Amended Complaint.

55.     GSUSA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Second Amended Complaint.

56.     GSUSA denies the allegations set forth in paragraph 56 of the Second Amended Complaint except it admits the Six Councils advised GSUSA that Manitou was not proceeding with the merger.

57.     GSUSA denies the allegations set forth in paragraph 57 of the Second Amended Complaint.

58.     GSUSA admits the allegations set forth in paragraph 58 of the Second Amended Complaint, but respectfully refers the Court to the May 18, 2007 letter for its complete content, meaning and legal effect.

9

59.     GSUSA denies the allegations set forth in the first sentence of paragraph 59 of the Second Amended Complaint and respectfully refers this Court to Exhibit E and F.  GSUSA denies the allegations set forth in the second sentence of paragraph 59 of the Second Amended Complaint.

60.     GSUSA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Second Amended Complaint.

61.     GSUSA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Second Amended Complaint.

62.     GSUSA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Second Amended Complaint.

63.     GSUSA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Second Amended Complaint and respectfully refers the Court to Exhibits K and I for their complete contents, meaning and legal effect.

64.     GSUSA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Second Amended Complaint.

**E.     Harm**

65.     GSUSA denies the allegations set forth in paragraph 65 of the Second Amended Complaint.

66.     GSUSA denies the allegations set forth in paragraph 66 of the Second Amended Complaint.

\\\NY - 033635/000002 - 1143167 v2

67. GSUSA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the Second Amended Complaint.

68. GSUSA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the Second Amended Complaint.

## COUNT I

## VIOLATIONS OF THE WISCONSIN FAIR DEALERSHIP LAW

1-68. GSUSA repeats and incorporates by reference its responses to the allegations contained in paragraphs 1 through 68 of the Second Amended Complaint as though set forth in full.

**A.      The Parties' Relationship is Governed by the Wisconsin Fair Dealership Law.**

69. GSUSA avers that the allegations set forth in paragraph 69 of the Second Amended Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 69 of the Second Amended Complaint contains factual allegations, GSUSA denies the allegations set forth in paragraph 69 of the Second Amended Complaint.

70. GSUSA avers that the allegations set forth in paragraph 70 of the Second Amended Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 70 of the Second Amended Complaint contains factual allegations, GSUSA denies the allegations set forth in paragraph 70 of the Second Amended Complaint.

71. GSUSA avers that the allegations set forth in paragraph 71 of the Second Amended Complaint state a legal conclusion to which no response is required. Notwithstanding

11

the foregoing, to the extent that paragraph 71 of the Second Amended Complaint contains factual allegations, GSUSA denies the allegations set forth in paragraph 71 of the Second Amended Complaint.

72.     GSUSA avers that the allegations set forth in paragraph 72 of the Second Amended Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent that paragraph 72 of the Second Amended Complaint contains factual allegations, GSUSA denies the allegations set forth in paragraph 72 of the Second Amended Complaint.

73.     GSUSA avers that the allegations set forth in paragraph 73 of the Second Amended Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent that paragraph 73 of the Second Amended Complaint contains factual allegations, GSUSA denies the allegations set forth in paragraph 73 of the Second Amended Complaint.

74.     GSUSA avers that the allegations set forth in paragraph 74 of the Second Amended Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent that paragraph 74 of the Second Amended Complaint contains factual allegations, GSUSA denies the allegations set forth in paragraph 74 of the Second Amended Complaint.

75.     GSUSA avers that the allegations set forth in paragraph 75 of the Second Amended Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent that paragraph 75 of the Second Amended Complaint contains factual allegations, GSUSA denies the allegations set forth in paragraph 75 of the Second Amended Complaint.

12

76.     GSUSA avers that the allegations set forth in paragraph 76 of the Second Amended Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 76 of the Second Amended Complaint contains factual allegations, GSUSA denies the allegations set forth in paragraph 76 of the Second Amended Complaint.

77.     GSUSA avers that the allegations set forth in paragraph 77 of the Second Amended Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 77 of the Second Amended Complaint contains factual allegations, GSUSA denies the allegations set forth in paragraph 77 of the Second Amended Complaint.

78.     GSUSA avers that the allegations set forth in paragraph 78 of the Second Amended Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 78 of the Second Amended Complaint contains factual allegations, GSUSA denies the allegations set forth in paragraph 78 of the Second Amended Complaint.

79.     GSUSA avers that the allegations set forth in paragraph 79 of the Second Amended Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 79 of the Second Amended Complaint contains factual allegations, GSUSA denies the allegations set forth in paragraph 79 of the Second Amended Complaint.

80.     GSUSA avers that the allegations set forth in paragraph 80 of the Second Amended Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 80 of the Second Amended Complaint contains factual

13

allegations, GSUSA denies the allegations set forth in paragraph 80 of the Second Amended Complaint.

81.     GSUSA avers that the allegations set forth in paragraph 81 of the Second Amended Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 81 of the Second Amended Complaint contains factual allegations, GSUSA denies the allegations set forth in paragraph 81 of the Second Amended Complaint.

**B.      The Forced Merger is a Wrongful Termination or Substantial Change
to Competitive Circumstances Without Good Cause.**

82.     GSUSA denies the allegations set forth in paragraph 82 of the Second Amended Complaint.

83.     GSUSA denies the allegations set forth in paragraph 83 of the Second Amended Complaint.

84.     GSUSA denies the allegations set forth in paragraph 84 of the Second Amended Complaint.

**C.      The Change in Territory is Wrongful Termination or Substantial
Change to Competitive Circumstances Without Good Cause.**

85.     GSUSA denies the allegations set forth in paragraph 85 of the Second Amended Complaint.

86.     GSUSA denies the allegations set forth in paragraph 86 of the Second Amended Complaint.

14

87. GSUSA denies the allegations set forth in paragraph 87 of the Second Amended Complaint.

88. GSUSA denies the allegations set forth in paragraph 88 of the Second Amended Complaint.

**D. GSUSA's Notice of Termination or Change in Competitive Circumstances is Void.**

89. GSUSA denies the allegations set forth in paragraph 89 of the Second Amended Complaint and (a) through (c) inclusive.

90. GSUSA denies the allegations set forth in paragraph 90 of the Second Amended Complaint and respectfully refers the Court to Exhibit J for its complete contents, meaning and legal effect.

91. GSUSA denies the allegations set forth in paragraph 91 of the Second Amended Complaint.

**E. Terms Purporting to Give GSUSA the Authority to Terminate or Change the Competitive Circumstances Without Good Cause are Void.**

92. GSUSA denies the allegations set forth in paragraph 92 of the Second Amended Complaint and respectfully refers the Court to Exhibit J for its complete content, meaning and legal effect.

93. GSUSA denies the allegations set forth in paragraph 93 of the Second Amended Complaint.

\\\NY - 033635/000002 - 1143167 v2

94.     GSUSA denies the allegations set forth in paragraph 94 of the Second Amended Complaint and respectfully refers the Court to Exhibit J for its complete content, meaning and legal effect.

95.     GSUSA denies the allegations set forth in paragraph 95 of the Second Amended Complaint.

96.     GSUSA denies the allegations set forth in paragraph 96 of the Second Amended Complaint.

**F.      Manitou Council is Entitled to Equitable Relief.**

97.     GSUSA denies the allegations set forth in paragraph 97 of the Second Amended Complaint.

98.     GSUSA denies the allegations set forth in paragraph 98 of the Second Amended Complaint.

99.     GSUSA denies the allegations set forth in paragraph 99 of the Second Amended Complaint.

100.    GSUSA denies the allegations set forth in paragraph 100 of the Second Amended Complaint and specifically denies that Manitou is entitled to any of the relief requested in paragraphs A through D of the "WHEREFORE" clause.

16

# COUNT II

# BREACHES OF CONTRACT

1-68.   GSUSA repeats and incorporates by reference its responses to the allegations contained in paragraphs 1 through 68 of the Second Amended Complaint as though set forth in full.

69-81.   GSUSA repeats and incorporates by reference its responses to the allegations contained in paragraphs 69 through 81 of the Second Amended Complaint as though set forth in full.

82-100.   No response is necessary to omitted language.

101.   GSUSA denies the allegations set forth in paragraph 101 of the Second Amended Complaint.

102.   GSUSA denies the allegations set forth in paragraph 102 of the Second Amended Complaint.

**A.   GSUSA's Breach of the Provisions Relating to the Requirements, Criteria and Standards of a Girl Scout Council.**

103.   GSUSA denies the allegations set forth in paragraph 103 of the Second Amended Complaint except GSUSA admits that four requirements are set forth in the *Blue Book of Basic Documents 2006* as Exhibit 1 at 25.

104.   GSUSA denies the allegations set forth in paragraph 104 of the Second Amended Complaint except GSUSA admits that four requirements are set forth in the Application.

17

105.     GSUSA denies the allegations set forth in paragraph 105 of the Second Amended Complaint and respectfully refers the Court to the Application for its complete contents, meaning and legal effect.

106.     GSUSA denies the allegations set forth in paragraph 106 of the Second Amended Complaint and respectfully refers the Court to the Application for its complete contents, meaning and legal effect.

107.     GSUSA denies the allegations set forth in paragraph 107 of the Second Amended Complaint.

108.     GSUSA denies the allegations set forth in paragraph 108 of the Second Amended Complaint.

109.     GSUSA denies the allegations set forth in paragraph 109 of the Second Amended Complaint.

110.     GSUSA denies the allegations set forth in paragraph 110 of the Second Amended Complaint.

111.     GSUSA denies the allegations set forth in paragraph 111 of the Second Amended Complaint.

112.     GSUSA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 112 of the Second Amended Complaint.

113.     GSUSA denies the allegations set forth in paragraph 113 of the Second Amended Complaint.

\\NY - 033635/000002 - 1143167 v2

114.     GSUSA denies the allegations set forth in paragraph 114 of the Second Amended Complaint.

115.     GSUSA denies the allegations set forth in paragraph 115 of the Second Amended Complaint.

116.     GSUSA denies the allegations set forth in paragraph 116 of the Second Amended Complaint.

117.     GSUSA denies the allegations set forth in paragraph 117 of the Second Amended Complaint.

**B.     GSUSA's Breach of the Contract Provisions Relating to Jurisdiction.**

118.     GSUSA denies the allegations set forth in paragraph 118 of the Second Amended Complaint.

119.     GSUSA denies the allegations set forth in paragraph 119 of the Second Amended Complaint.

120.     GSUSA denies the allegations set forth in paragraph 120 of the Second Amended Complaint.

121.     GSUSA denies the allegations set forth in paragraph 121 of the Second Amended Complaint.

122.     GSUSA denies the allegations set forth in paragraph 122 of the Second Amended Complaint.

\\\NY - 033635/000002 - 1143167 v2

123. GSUSA denies the allegations set forth in paragraph 123 of the Second Amended Complaint and respectfully refers the Court to the express reservation by GSUSA to change the jurisdiction Manitou in the Application for a Charter in Exhibit B.

124. GSUSA denies the allegations set forth in paragraph 124 of the Second Amended Complaint.

125. GSUSA denies the allegations set forth in paragraph 125 of the Second Amended Complaint.

126. GSUSA denies the allegations set forth in paragraph 126 of the Second Amended Complaint.

127. GSUSA denies the allegations set forth in paragraph 127 of the Second Amended Complaint.

128. GSUSA denies the allegations set forth in paragraph 128 of the Second Amended Complaint.

**C.     GSUSA's Breach of its Charter Revocation Procedures.**

129. GSUSA denies the allegations set forth in paragraph 129 of the Second Amended Complaint.

130. GSUSA denies the allegations set forth in paragraph 130 of the Second Amended Complaint except GSUSA admits Manitou's charter was renewed.

\\\NY - 033635/000002 - 1143167 v2

131.    GSUSA denies the allegations set forth in paragraph 131 of the Second Amended Complaint and respectfully refers the Court to the *Blue Book of Basic Documents 2006* (Exhibit 1 at 27) hereto.

132.    GSUSA denies the allegations set forth in paragraph 132 of the Second Amended Complaint.

133.    GSUSA admits the allegations set forth in paragraph 133 of the Second Amended Complaint.  In regard to Manitou's most recent charter in 2005, GSUSA expressly stated that the charter would be "up to" four years since "a process for nationwide council realignment . . . will occur during the next several years."

134.    GSUSA denies the allegations set forth in paragraph 134 of the Second Amended Complaint.

135.    GSUSA denies the allegations set forth in paragraph 135 of the Second Amended Complaint.

**D.    GSUSA's Breach of its Jurisdictional Change Procedures.**

136.    GSUSA denies the allegations set forth in paragraph 136 of the Second Amended Complaint and respectfully refers the Court to Exhibit 1 at 28-29 hereto.

137.    GSUSA denies the allegations set forth in paragraph 137 of the Second Amended Complaint and respectfully refer to Exhibit 1 at 28-29 hereto.

138.    GSUSA denies the allegations set forth in paragraph 138 of the Second Amended Complaint.

21

139. GSUSA denies the allegations set forth in paragraph 139(a) to (d) of the Second Amended Complaint and respectfully refers the Court to Exhibit 1 at 28-29 hereto.

140. GSUSA denies the allegations set forth in paragraph 140 of the Second Amended Complaint.

141. GSUSA denies the allegations set forth in paragraph 141 of the Second Amended Complaint.

**E. Impact of the Wisconsin Fair Dealership Law.**

142. GSUSA denies the allegations set forth in paragraph 142 of the Second Amended Complaint.

143. GSUSA denies the allegations set forth in paragraph 143 of the Second Amended Complaint.

**F. Manitou Council is Entitled to Equitable Relief.**

144. GSUSA denies the allegations set forth in paragraph 144 of the Second Amended Complaint.

145. GSUSA denies the allegations set forth in paragraph 145 of the Second Amended Complaint.

146. GSUSA denies the allegations set forth in paragraph 146 of the Second Amended Complaint.

22

147.     GSUSA denies the allegations set forth in paragraph 147 of the Second Amended Complaint and specifically denies that Manitou is entitled to any of the relief requested in paragraphs A through D of the "WHEREFORE" clause.

## COUNT III

## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

1-68.     GSUSA repeats and incorporates by reference its responses to the allegations contained in paragraphs 1 through 68 of the Second Amended Complaint as though set forth in full.

69-100.   GSUSA repeats and incorporates by reference its responses to the allegations contained in paragraphs 69 through 100 of the Second Amended Complaint as though set forth in full.

101-147.  GSUSA repeats and incorporates by reference its responses to the allegations contained in paragraphs 101 through 147 of the Second Amended Complaint as though set forth in full.

148.     GSUSA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 148 of the Second Amended Complaint.

149.     GSUSA denies the allegations set forth in paragraph 149 of the Second Amended Complaint.

150.     GSUSA denies the allegations set forth in paragraph 150 of the Second Amended Complaint.

23

151.    GSUSA denies the allegations set forth in paragraph 151 of the Second Amended Complaint.

152.    GSUSA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 152 of the Second Amended Complaint.

153.    GSUSA denies the allegations set forth in paragraph 153 of the Second Amended Complaint.

154.    GSUSA denies the allegations set forth in paragraph 154 of the Second Amended Complaint.

155.    GSUSA denies the allegations set forth in paragraph 155 of the Second Amended Complaint.

156.    GSUSA denies the allegations set forth in paragraph 156 of the Second Amended Complaint.

157.    GSUSA denies the allegations set forth in paragraph 157 of the Second Amended Complaint.

158.    GSUSA denies the allegations set forth in paragraph 158 of the Second Amended Complaint and specifically denies that Manitou is entitled to any of the relief requested in paragraphs A through E of the "WHEREFORE" clause.

\\\NY - 033635/000002 - 1143167 v2

# COUNT IV

## ECONOMIC COERCION

1-68.    GSUSA repeats and incorporates by reference its responses to the allegations contained in paragraphs 1 through 68 of the Second Amended Complaint as though set forth in full.

69-100.  GSUSA repeats and incorporates by reference its responses to the allegations contained in paragraphs 69 through 100 of the Second Amended Complaint as though set forth in full.

101-147.  GSUSA repeats and incorporates by reference its responses to the allegations contained in paragraphs 101 through 147 of the Second Amended Complaint as though set forth in full.

148-158.  GSUSA repeats and incorporates by reference its responses to the allegations contained in paragraphs 148 through 158 of the Second Amended Complaint as though set forth in full.

159.    GSUSA denies the allegations set forth in paragraph 159 of the Second Amended Complaint.

160.    GSUSA denies the allegations set forth in paragraph 160 of the Second Amended Complaint.

161.    GSUSA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 161 of the Second Amended Complaint.

25

162.    GSUSA denies the allegations set forth in paragraph 162 of the Second Amended Complaint.

163.    GSUSA denies the allegations set forth in paragraph 163 of the Second Amended Complaint.

164.    GSUSA denies the allegations set forth in paragraph 164 of the Second Amended Complaint.

165.    GSUSA denies the allegations set forth in paragraph 165 of the Second Amended Complaint.

166.    GSUSA denies the allegations set forth in paragraph 166 of the Second Amended Complaint.

167.    GSUSA denies the allegations set forth in paragraph 167 of the Second Amended Complaint and specifically denies that Manitou is entitled to any of the relief requested in paragraphs A through E of the "WHEREFORE" clause.

## COUNT V

## TORTIOUS INTERFERENCE WITH FIDUCIARY DUTIES

1-68.    GSUSA repeats and incorporates by reference its responses to the allegations contained in paragraphs 1 through 68 of the Second Amended Complaint as though set forth in full.

\\\NY - 033635/000002 - 1143167 v2

69-100. GSUSA repeats and incorporates by reference its responses to the allegations contained in paragraphs 69 through 100 of the Second Amended Complaint as though set forth in full.

101-147. GSUSA repeats and incorporates by reference its responses to the allegations contained in paragraphs 101 through 147 of the Second Amended Complaint as though set forth in full.

148-158. GSUSA repeats and incorporates by reference its responses to the allegations contained in paragraphs 148 through 158 of the Second Amended Complaint as though set forth in full.

159-167. GSUSA repeats and incorporates by reference its responses to the allegations contained in paragraphs 159 through 167 of the Second Amended Complaint as though set forth in full.

168. GSUSA admits the allegations set forth in paragraph 168 of the Second Amended Complaint.

169. GSUSA admits the allegations set forth in paragraph 169 of the Second Amended Complaint.

170. GSUSA denies the allegations set forth in paragraph 170 of the Second Amended Complaint except admits that nonprofit boards of directors have fiduciary duties.

171. GSUSA denies the allegations set forth in paragraph 171 of the Second Amended Complaint and respectfully refer Court to Exhibit 1 at 31-32.

27

172.     GSUSA denies the allegations set forth in paragraph 172 of the Second Amended Complaint.

173.     GSUSA denies the allegations set forth in paragraph 173 of the Second Amended Complaint.

174.     GSUSA admits the allegations set forth in paragraph 174 of the Second Amended Complaint.

175.     GSUSA denies the allegations set forth in paragraph 175 of the Second Amended Complaint.

176.     GSUSA denies the allegations set forth in paragraph 176 of the Second Amended Complaint.

177.     GSUSA denies the allegations set forth in paragraph 177 of the Second Amended Complaint.

178.     GSUSA denies the allegations set forth in paragraph 178 of the Second Amended Complaint.

179.     GSUSA denies the allegations set forth in paragraph 179 of the Second Amended Complaint.

180.     GSUSA denies the allegations set forth in paragraph 180 of the Second Amended Complaint and specifically denies that Manitou is entitled to any of the relief requested in paragraphs A through E of the "WHEREFORE" clause.

\\\NY - 033635/000002 - 1143167 v2

## COUNT VI

## CONSPIRACY TO VIOLATE THE WISCONSIN FAIR DEALERSHIP LAW

1-180. GSUSA repeats and incorporates by reference its responses to the allegations contained in paragraphs 1 through 180 of the Second Amended Complaint as though set forth in full.

181. GSUSA denies the allegations set forth in paragraph 181 of the Second Amended Complaint.

182. GSUSA denies the allegations set forth in paragraph 182 of the Second Amended Complaint.

183. GSUSA denies the allegations set forth in paragraph 183 of the Second Amended Complaint.

184. GSUSA denies the allegations set forth in paragraph 184 of the Second Amended Complaint and specifically denies that Manitou is entitled to any of the relief requested in paragraphs A through D of the "WHEREFORE" clause.

## COUNT VII

## CONSPIRACY TO TORTIOUSLY INTERFERE WITH PROSPECTIVE ECONOMIC ADVANTAGE

1-184. GSUSA repeats and incorporates by reference its responses to the allegations contained in paragraphs 1 through 184 of the Second Amended Complaint as though set forth in full.

185. GSUSA denies the allegations set forth in paragraph 185 of the Second Amended Complaint.

29

186.    GSUSA denies the allegations set forth in paragraph 186 of the Second Amended Complaint.

187.    GSUSA denies the allegations set forth in paragraph 187 of the Second Amended Complaint.

188.    GSUSA denies the allegations set forth in paragraph 188 of the Second Amended Complaint and specifically denies that Manitou is entitled to any of the relief requested in paragraphs A through E of the "WHEREFORE" clause.

## COUNT VIII

## CONSPIRACY TO ECONOMICALLY COERCE

1-188.    GSUSA repeats and incorporates by reference its responses to the allegations contained in paragraphs 1 through 188 of the Second Amended Complaint as though set forth in full.

189.    GSUSA denies the allegations set forth in paragraph 189 of the Second Amended Complaint.

190.    GSUSA denies the allegations set forth in paragraph 190 of the Second Amended Complaint.

191.    GSUSA denies the allegations set forth in paragraph 191 of the Second Amended Complaint.

\\\NY - 033635/000002 - 1143167 v2

192.    GSUSA denies the allegations set forth in paragraph 192 of the Second Amended Complaint and specifically denies that Manitou is entitled to any of the relief requested in paragraphs A through D of the "WHEREFORE" clause.

## COUNT IX

### CONSPIRACY TO TORTIOUSLY INTERFERE WITH FIDUCIARY DUTIES

1-192.    GSUSA repeats and incorporates by reference its responses to the allegations contained in paragraphs 1 through 192 of the Second Amended Complaint as though set forth in full.

193.    GSUSA denies the allegations set forth in paragraph 193 of the Second Amended Complaint.

194.    GSUSA denies the allegations set forth in paragraph 194 of the Second Amended Complaint.

195.    GSUSA denies the allegations set forth in paragraph 195 of the Second Amended Complaint.

196.    GSUSA denies the allegations set forth in paragraph 196 of the Second Amended Complaint and specifically denies that Manitou is entitled to any of the relief requested in paragraphs A through E of the "WHEREFORE" clause.

\\\NY - 033635/000002 - 1143167 v2

## COUNT X

## INJURY TO BUSINESS AND RESTRAINT OF WILL

1-196.  GSUSA repeats and incorporates by reference its responses to the allegations contained in paragraphs 1 through 196 of the Second Amended Complaint as though set forth in full.

197.  GSUSA admits the allegations set forth in paragraph 197 of the Second Amended Complaint.

198.  GSUSA denies the allegations set forth in paragraph 198 of the Second Amended Complaint.

199.  GSUSA denies the allegations set forth in paragraph 199 of the Second Amended Complaint.

200.  GSUSA denies the allegations set forth in paragraph 200 of the Second Amended Complaint and paragraphs (a) through (d) inclusive.

201.  GSUSA denies the allegations set forth in paragraph 201 of the Second Amended Complaint and specifically denies that Manitou is entitled to any of the relief requested in paragraphs A through E of the "WHEREFORE" clause.

## COUNT XI

## FURTHER BREACHES OF CHARTER RENEWAL PROCEDURES

1-68.  GSUSA repeats and incorporates by reference its responses to the allegations contained in paragraphs 1 through 68 of the Second Amended Complaint as though set forth in full.

32

69-81.  GSUSA repeats and incorporates by reference its responses to the allegations contained in paragraphs 69 through 81 of the Second Amended Complaint as though set forth in full.

82-100.  No response is necessary to omitted language.

101-143.  GSUSA repeats and incorporates by reference its responses to the allegations contained in paragraphs 101 through 143 of the Second Amended Complaint as though set forth in full.

144-201.  No response is necessary to omitted language.

202.    GSUSA denies the allegations set forth in paragraph 202 of the Second Amended Complaint.

203.    GSUSA denies the allegations set forth in paragraph 203 of the Second Amended Complaint, and respectfully refers the Court to the GSUSA Constitution, By-Laws, and *Blue Book of Basic Documents 2006* for their complete content, meaning and legal effect.

204.    GSUSA denies the allegations set forth in paragraph 204 of the Second Amended Complaint.

205.    GSUSA denies the allegations set forth in paragraph 205 of the Second Amended Complaint, and respectfully refers the Court to the GSUSA Constitution, By-Laws, and *Blue Book of Basic Documents 2006* for their complete content, meaning and legal effect.

206.    GSUSA denies the allegations set forth in paragraph 206 of the Second Amended Complaint except it admits that Manitou requested an application for renewal and GSUSA responded.

33

207. GSUSA denies the allegations set forth in paragraph 207 of the Second Amended Complaint.

208. GSUSA denies the allegations set forth in paragraph 208 of the Second Amended Complaint.

209. GSUSA admits the allegations set forth in paragraph 209 of the Second Amended Complaint.

210. GSUSA denies the allegations set forth in paragraph 210 of the Second Amended Complaint.

211. GSUSA denies the allegations set forth in paragraph 211 of the Second Amended Complaint.

212. GSUSA denies the allegations set forth in paragraph 212 of the Second Amended Complaint.

213. GSUSA denies the allegations set forth in paragraph 213 of the Second Amended Complaint.

214. GSUSA denies the allegations set forth in paragraph 214 of the Second Amended Complaint and specifically denies that Manitou is entitled to any of the relief requested in paragraphs A through B of the "WHEREFORE" clause.

\\\NY - 033635/000002 - 1143167 v2

## COUNT XII

## FURTHER BREACHES OF JURISDICTION CHANGE PROCEDURES

1-68.   GSUSA repeats and incorporates by reference its responses to the allegations contained in paragraphs 1 through 68 of the Second Amended Complaint as though set forth in full.

69-81.   GSUSA repeats and incorporates by reference its responses to the allegations contained in paragraphs 69 through 81 of the Second Amended Complaint as though set forth in full.

82-100.   No response is necessary to omitted language.

101-143.   GSUSA repeats and incorporates by reference its responses to the allegations contained in paragraphs 101 through 143 of the Second Amended Complaint as though set forth in full.

144-214.   No response is necessary to omitted language.

215.   GSUSA denies the allegations set forth in paragraph 215 of the Second Amended Complaint.

216.   GSUSA denies the allegations set forth in paragraph 216 of the Second Amended Complaint.

217.   GSUSA denies the allegations set forth in paragraph 217 of the Second Amended Complaint.

218.   GSUSA denies the allegations set forth in paragraph 218 of the Second Amended Complaint.

35

219.     GSUSA denies the allegations set forth in paragraph 219 of the Second Amended Complaint.

220.     GSUSA denies the allegations set forth in paragraph 220 of the Second Amended Complaint.

221.     GSUSA denies the allegations set forth in paragraph 221 of the Second Amended Complaint.

222.     GSUSA denies the allegations set forth in paragraph 222 of the Second Amended Complaint and specifically denies that Manitou is entitled to any of the relief requested in paragraphs A through D of the "WHEREFORE" clause.

## COUNT XIII

## BREACH OF FIDUCIARY DUTY

1-222.  GSUSA repeats and incorporates by reference its responses to the allegations contained in paragraphs 1 through 222 of the Second Amended Complaint as though set forth in full.

223.     GSUSA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 223 of the Second Amended Complaint.

224.     GSUSA denies the allegations set forth in paragraph 224 of the Second Amended Complaint.

225.     GSUSA denies the allegations set forth in paragraph 225 of the Second Amended Complaint.

\\\NY - 033635/000002 - 1143167 v2

226. GSUSA denies the allegations set forth in paragraph 226 of the Second Amended Complaint.

227. GSUSA denies the allegations set forth in paragraph 227 of the Second Amended Complaint.

228. GSUSA denies the allegations set forth in paragraph 228 of the Second Amended Complaint.

229. GSUSA denies the allegations set forth in paragraph 229 of the Second Amended Complaint.

230. GSUSA denies the allegations set forth in paragraph 230 of the Second Amended Complaint.

231. GSUSA denies the allegations set forth in paragraph 231 of the Second Amended Complaint.

232. GSUSA denies the allegations set forth in paragraph 232 of the Second Amended Complaint.

233. GSUSA denies the allegations set forth in paragraph 233 of the Second Amended Complaint.

234. GSUSA denies the allegations set forth in paragraph 234 of the Second Amended Complaint.

\\\NY - 033635/000002 - 1143167 v2

235.   GSUSA denies the allegations set forth in paragraph 235 of the Second Amended Complaint and specifically denies that Manitou is entitled to any of the relief requested in paragraphs A through D of the "WHEREFORE" clause.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

236.   The Second Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

237.   The Court lacks subject matter jurisdiction.

## THIRD AFFIRMATIVE DEFENSE

238.   Manitou's claims are barred by the doctrine of unclean hands and/or Manitou's bad faith.

## FOURTH AFFIRMATIVE DEFENSE

239.   The parties are not in privity and no contract exists between them.

## FIFTH AFFIRMATIVE DEFENSE

240.   Manitou is not entitled to any of the relief sought in the Second Amended Complaint including punitive damages.

## SIXTH AFFIRMATIVE DEFENSE

241.   Manitou failed to exhaust its remedies and its claims are not ripe.

\\\NY - 033635/000002 - 1143167 v2

## SEVENTH AFFIRMATIVE DEFENSE

242.    Manitou's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver and estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

243.    The Wisconsin Fair Dealership Law ("WFDL") Wis. Stats. § 135.01 *et seq*. does not apply to GSUSA because, *inter alia*, Manitou and GSUSA do not have a community of interests under the WFDL; Manitou's Charter did not create a dealership under the WFDL; GSUSA is not a grantor under the WFDL; Manitou is not a dealer under the WFDL.

## NINTH AFFIRMATIVE DEFENSE

244.    Even assuming arguendo the WFDL applied, GSUSA had good cause for its actions.

## TENTH AFFIRMATIVE DEFENSE

245.    As a private, membership organization, GSUSA's First Amendment right to association preempts the WFDL as it applies to GSUSA.

## ELEVENTH AFFIRMATIVE DEFENSE

246.    There is not any irreparable injury or harm.

## TWELFTH AFFIRMATIVE DEFENSE

247.    Even assuming *arguendo* there was injury or harm, it can be remedied by damages and Manitou has an adequate remedy at law.

39

## THIRTEENTH AFFIRMATIVE DEFENSE

248.    Manitou does not have exclusive jurisdiction and GSUSA reserved the right in Manitou's Charter to change its jurisdiction at any time.

## FOURTEENTH AFFIRMATIVE DEFENSE

249.    Manitou has not satisfied the standard for declaratory relief.

## FIFTEENTH AFFIRMATIVE DEFENSE

250.    Manitou's own actions and culpable conduct, in whole or in part, caused and/or contributed to its alleged damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

251.    GSUSA did not conspire with the Six Councils or any other entity or person against Manitou.

## SEVENTEENTH AFFIRMATIVE DEFENSE

252.    GSUSA has acted in good faith at all relevant times in conformity with the GSUSA Constitution, By-Laws, and *Blue Book of Basic Documents 2006*.

## EIGHTEENTH AFFIRMATIVE DEFENSE

253.    Manitou is not entitled to injunctive relief because it has not established one or more factors supporting the need for an injunction.

40

## NINETEENTH AFFIRMATIVE DEFENSE

254.    Manitou's claims are barred, in whole or in part, due to its contributory negligence.

## TWENTIETH AFFIRMATIVE DEFENSE

255.    Manitou is not entitled to a trial by jury on all issues.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

256.    GSUSA does not and did not at any relevant time have a fiduciary relationship with Manitou or owe a fiduciary duty to Manitou.

**WHEREFORE,** GSUSA requests judgment against Manitou and an order granting the following relief:

A.    That the Second Amended Complaint be dismissed in its entirety.

B.    That GSUSA be awarded its costs, disbursements, and reasonable attorneys fees in connection with the defense of this action.

C.    That Manitou be denied any injunctive relief.

D.    That Manitou be denied any declaratory relief.

E.    That Manitou be denied any damages.

F.    That GSUSA be granted such other and further relief that this Court deems just and proper.

\\\NY - 033635/000002 - 1143167 v2

Dated: May 6, 2009

HOGAN & HARTSON LLP


    /s/ Kenneth Kirschner

David E. Jones                          Kenneth Kirschner
PERKINS COIE LLP                        875 Third Avenue
One East Main Street, Suite 201         New York, New York 10022
Madison, Wisconsin 53703-5118           Telephone: (212) 918-3000
Telephone: (608) 663-7460               Facsimile:  (212) 918-3100
David.Jones@perkinscoie.com             Kenneth.Kirschner@hhlaw.com

                                        *Attorneys for Girl Scouts of the*
                                        *United States of America*

42