## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

_____

GIRL SCOUTS OF MANITOU COUNCIL, INC.,

        Plaintiff,

v.                                          Case No. 08-CV-184

GIRL SCOUTS OF THE UNITED STATES OF
AMERICA, INC.,

        Defendant.

_____

## ORDER

On December 15, 2008, upon review of this court's order denying a preliminary injunction, the Seventh Circuit Court of Appeals reversed this court's determination and issued the following order:

> For the foregoing reasons, our order of September 11, 2008, REVERSED the decision of the district court and ENJOINED GSUSA "from making any changes to, or interfering with, the current council jurisdiction of appellant Girl Scouts of Manitou Council, Inc., pending final resolution on the merits in the district court."

*Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the United States of America Inc.*, 549 F.3d 1079, 1101 (7th Cir. 2008). Upon remand from the Court of Appeals, discovery commenced in this case. On August 31, 2009, the parties filed cross-motions for summary judgment pursuant to Fed. R. Civ. P. 56. On March 31, 2010, this court provided final resolution on the merits of this case, granting the defendant's motion for summary judgment on all counts. (Docket #173). In relevant part, the court's March 31, 2010 order held the plaintiff had met its burden in proving, as a matter of law, that the defendant had "violated Wis. Stat. § 135.03 [,the

Wisconsin Fair Dealership Law,] when it took efforts to substantially reduce" the territorial jurisdiction of the plaintiff.[1]  *Girl Scouts of Manitou Council Inc. v. Girl Scouts of U.S. of America Inc.,* No. 08-CV-0184, 2010 WL 1241275, at *19 (E.D.Wis. March 31, 2010).  However, the court, after a lengthy discussion, concluded that serious First Amendment concerns prevented the court from ruling for Manitou on the fair dealership claims. *Id.* at *26.  The remaining claims were also resolved in the defendant's favor.

Less than a month later, on April 22, 2010, the plaintiff appealed the court's March 31, 2010 judgment.  On that same day, the plaintiff filed a motion, pursuant to Fed. R. Civ. P. 62, to "stay or restore the injunction" issued by the Court of Appeals, pending the resolution of the appeal.  With the benefit of the parties' briefs on the issue, the court is prepared to address the motion.

Fed. R. Civ. P. 62(c) grants this court authority to restore an injunction during the pendency of the appeal of a final order.  A court's decision whether to stay an order pending appeal is a discretionary one, informed by the consideration of the following factors provided by the Supreme Court:

---

[1] The court's interpretation on the reach of the Wisconsin Fair Dealership Law to the present case was largely guided by the earlier opinion in the case by the Seventh Circuit and was not guided by any recent opinions from a Wisconsin court. The court echoes here the comments made in footnote forty-eight of the summary judgment order. This is a case that truly merits certification pursuant to Wis. Stat. § 821.01 on the series of novel questions raised by the WFDL claim. Given that the summary judgment order is being appealed to a court that can certify questions to the Wisconsin Supreme Court, the opportunity exists for much needed clarification by the Wisconsin courts on a question of Wisconsin law.

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987). The party seeking a stay has the burden of proving that these factors warrant a stay. *Id.*

The court looks to the first *Hilton* factor: whether the stay applicant has made a strong showing that it is likely to succeed on the merits of its appeal. Despite the assertion of the plaintiff in its brief to the court, the standard guiding the court in evaluating the first *Hilton* factor is *not* whether the plaintiff has a "better than negligible chance of success on the merits on appeal."[2] (Pl.'s Br. 3). In the context of a motion to stay a final judgment pending appeal, "where the applicant's arguments have already been evaluated on the success scale, the applicant must make a *stronger* threshold showing of likelihood of success to meet its burden." *In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1301 (7th Cir. 1997) (emphasis added). As a result, to satisfy the first *Hilton* factor, the movant must "demonstrate a *substantial* likelihood of success, not merely the possibility of success." *Id.* (emphasis added).

---

[2] The plaintiff relies on language from the Seventh Circuit's decision in this case, which in turn quoted *Ty, Inc. v. Jones Group Inc.*, 237 F.3d 891 (7th Cir. 2001) and *Menominee Rubber Co. v. Gould, Inc.,* 657 F.2d 164, 167 (7th Cir. 1981). All of the cases cited were interlocutory appeals from orders regarding motions for preliminary injunctions and were not motions to stay a final judgment pending appeal.

Here, the plaintiff makes a solitary argument for why it will succeed on appeal. The plaintiff contends that it will succeed because: (1) the defendant already raised the First Amendment argument in a footnote in its appellate brief during the initial appeal on the preliminary injunction in this case; and (2) the Seventh Circuit did not mention the argument that was made in the footnote in its earlier order. Of course, there is good reason why the Seventh Circuit did not look at the argument that was in the footnote: the Court of Appeals was explicit in its decision that it was expressing "no opinion" on how likely it believed that Manitou would succeed on the merits of its appeal. *Manitou,* 549 F.3d at 1101. As such, the court finds it unremarkable that the Court of Appeals did not delve into an undeveloped issue in a footnote. More importantly, the First Amendment issue that was dispositive in this court's summary judgment ruling was reliant on facts that were absent from the record and unavailable to the Seventh Circuit in its earlier ruling. This court was clear in its summary judgment order that it was *not* ruling that *any* intrusion on an expressive association's efforts to organize itself would violate the First Amendment; rather, the court ruled that *as applied* to the facts in this case, as developed during discovery, using the WFDL to prevent the defendant's "reasoned efforts to organize and direct itself in a means that it judges most effective in proclaiming its expressive message" violates the defendant's First Amendment rights. *Manitou,* 2010 WL 1231275, at *26 ("The rule is not that *whenever* the state regulates the internal processes of an expressive association that the state's action is constitutionally

-4-

Case 2:08-cv-00184-JPS   Filed 06/03/10   Page 4 of 7   Document 195

suspect ... [t]he rule is that only when the state takes an action that 'significantly affects' an expressive association's ability to advocate its viewpoints is the action subject to heightened constitutional scrutiny."). The court does not find it surprising or telling about the ultimate merits of the plaintiff's current appeal that the Seventh Circuit opted to not opine on an as-applied constitutional challenge to a state statute when discovery had not yet occurred in any substantial manner in the case.[3]

Notably, the plaintiff does not cite a single case on substantive issues regarding the summary judgment order in support of its argument that it has a likelihood of success on appeal.[4] As this court noted in footnote sixty-eight of the summary judgment order, the plaintiff all but ignored the defendant's First Amendment argument in the three briefs the plaintiff submitted to the court. Indeed, the plaintiff's briefs cited to two First Amendment cases in response to the defendant's argument, one of which directly cuts against the plaintiff's argument. Most importantly, the court found it "telling" that the plaintiff ignored the defendants' repeated citations to the "political party" cases in which the Supreme Court and other

---

[3] The plaintiff seems to contend, without citing to any authority, that only arguments raised in the infancy of litigation and before discovery occurs are worthy of evaluation by this court.

[4] The plaintiff does cite in its reply brief to *In re South Beach Securities, Inc,* 2010 U.S. App. LEXIS 10175, *28 (7th Cir. May 19, 2010) and *United States v. Bartlett,* 2010 U.S. App. LEXIS 6778, *2 (7th Cir. March 24, 2010), arguing that the doctrine of the "law of the case" limits reexamination of a ruling in an earlier stage of a litigation by the same court. However, as plaintiff's counsel well knows from his submissions during the summary judgment stage of the case, the doctrine does not apply with respect to a decision on appeal from a preliminary injunction, as a preliminary injunction is not a decision on the merits. *Hunter v. Atchison, Topeka and Santa Fe Railway Co.*, 188 F.2d 294, 299 (7th Cir.), *cert. denied*, 342 U.S. 819, 72 S.Ct. 36, 96 L.Ed. 619 (1951). The Seventh Circuit was careful to voice no opinion on the ultimate resolution of this case during the first appeal, and this court is untroubled that the Seventh Circuit did not delve into every possible issue that could have thwarted the plaintiff's case in its opinion.

notable courts universally held that the First Amendment prohibited significant governmental intrusions on an expressive association's choices regarding its internal structure and organization. The court noted that Manitou's "silence on the issue is telling." *Id.* at *35 n.68. The court finds it equally telling that the plaintiff, whose burden it is to establish that it has a likelihood of success on the merits of its appeal, fails to cite to a single case or make any substantive argument to cause this court to question its earlier ruling. Moreover, the fact that it is a "well-established rule" of the Seventh Circuit Court of Appeals that "a plaintiff waives the right to argue an issue on appeal if [he or] she fails to raise the issue before a lower court," *Robyns v. Reliance Standard Life Ins. Co.*, 130 F.3d 1231, 1238 (7th Cir. 1997), makes this court doubt whether the plaintiff will succeed on the First Amendment question on appeal unless the Appeals Court ignores its rules regarding waiver. In short, the court cannot conclude that, based on the fact that the Seventh Circuit decided in its earlier opinion in the case to ignore an argument made in passing in the defendant's appellate brief, that the plaintiff has a "possibility of success," let alone a "substantial likelihood of success," with its appeal. *In re Forty-Eight Insulations, Inc.*, 115 F.3d at 1301. Without any other arguments for why the court should question its summary judgment order, the court is obliged to find that the plaintiff does not have a substantial likelihood of success on its appeal.

Not being able to shoulder the burden of demonstrating a substantial likelihood of success on appeal is fatal to the plaintiff and its current motion. The

-6-

Seventh Circuit has stated that when the court evaluates a motion to stay a judgment pending appeal and the movant fails to make the requisite showing of likelihood of success, the analysis must "end there," and the stay must be denied. *In re Forty-Eight Insulations, Inc.,* 115 F.3d at 1301 ("However, if the movant does not make the requisite showings on either [the likelihood of success or the irreparable harm] factors, the court's inquiry into the balance of harms is unnecessary, and the stay should be denied without further analysis."). As such, the court will deny the plaintiff's motion "without addressing the other three stay factors." *Id.* at 1304.

Accordingly,

**IT IS ORDERED** that plaintiff's motion "to stay or restore injunction pursuant to Rule 62" (Docket #178) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 3rd day of June, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge